Argued and submitted November 23, reversed December 21, 1983

JOHN PALAIA,
*Petitioner,*

*v.*

OREGON STATE PENITENTIARY,
*Respondent.*

(01-83-197; CA A27518)

673 P2d 578

Gary D. Babcock, Public Defender, Salem, argued the cause and filed the brief for petitioner.

Scott McAlister, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Petitioner was charged with the violation of two institutional rules. The alleged violations occurred on the same date and at the same time, and were the subject of one misconduct report. Petitioner denied the violations.

Prior to the disciplinary hearing, petitioner submitted to the hearings officer a list of witnesses to be called and questions to be asked. The hearings officer referred the questions to the investigator, who posed the questions to the designated staff members and submitted a report setting forth the witnesses' responses. At the time of the hearing, petitioner renewed his request for the witnesses to be called, but the request was denied by the hearings officer.

Respondent concedes that petitioner complied with the requirements of OAR 291-105-061(1)[1] and that the hearings officer erred in failing to produce and examine the witnesses whose presence defendant requested. However, it moves to dismiss the petition, contending that this court lacks jurisdiction under ORS 421.195[2] to entertain review unless the

---

[1] OAR 291-105-061, so far as relevant, provides:

"Inmates participating in a formal hearing have the right to call witnesses to testify before the Hearings Officer. Witnesses may include inmates, staff or other persons.

"(1) If witnesses are to be called, the inmate will develop a list of witnesses and questions to be posed to each witness.

"* * * * *

"(3) *The Hearings Officer may exclude a specific* inmate or *staff witness upon finding* that the witness' testimony sought, if taken in the light most favorable to the inmate, together with the reasonable inferences to be drawn from that testimony, would not constitute a defense to the charge or mitigate the violation, or *the witness' appearance would present an immediate undue hazard to facility security.* If a witness is excluded, the reason(s) shall be made a part of the record." (Emphasis supplied.)

[2] ORS 421.195 provides:

"If an order places an inmate in segregation or isolation status for more than seven days, institutionally transfers him for disciplinary reasons or provides for nondeduction from the term of his sentence under ORS 421.120(1)(a) and (b), the order and the proceedings underlying the order are subject to review by the Court of Appeals upon petition to that court filed within 30 days of the order for which review is sought. The division shall transmit to the court the record of the proceeding, or, if the inmate agrees, a shortened record. A copy of the record transmitted shall be delivered to the inmate by the division. The court may affirm, reverse or remand the order on the same basis as provided in ORS 183.482(8)(a) to

order to be reviewed places the inmate in segregation or isolation status for more than seven days, which, respondent contends, is not the case here.

The sanction imposed here was seven days' segregation for violation of one rule, to be served from January 10, 1983, through January 16, 1983, and seven days' segregation for violation of the other rule, to be served consecutively to the sanction for the first rule violation, from January 17, 1983, through January 23, 1983. ORS 421.195 gives this court authority to review the institutional order and the underlying proceedings, "[i]f an order places an inmate in segregation or isolation status for more than seven days * * *." Although there were two violations involved here, there was only one hearing and one order. That order placed petitioner in segregation for 14 consecutive days.

Accordingly, we conclude that we have jurisdiction and deny respondent's motion to dismiss. Because respondent concedes that the hearings officer erred, we reverse.

Reversed.

---

(d). The filing of the petition shall not stay the division's order, but the division may do so, or the court may order a stay upon application on such terms as it deems proper."